UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

QUINTON PAUL HANDLON,

        Petitioner,

v.                                  Case No:  2:16-cv-813-FtM-29CM
                                    Case No.  2:13-cr-145-FTM-29CM
UNITED STATES OF AMERICA,

        Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on the government's Motion Requesting an Order Requiring Former Defense Counsel to Disclose Substance of Communication and to Provide Documents and Affidavits (Doc. #15) filed on January 26, 2017.  Petitioner's former trial counsel from the Federal Public Defender's Office filed Responses in Opposition (Docs. ## 16-17), and former appellate counsel, who also represented petitioner at sentencing, filed a Motion to Adopt (Doc. #18) the Response (Doc. #16) on February 9, 2017.  The Motion to Adopt will be granted.

**A. Petitioner's § 2255 Motion**

On November 4, 2016, petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1).  Petitioner raises four grounds for relief: Ground One asserts an illegal search and seizure, arguing that law enforcement had photographs of messages from two Facebook accounts but pursued a Gmail account where none of the photographs

were found in the nearly 300 emails collected.  Petitioner argues that no effort was made to trace the IP address for the origin of the emails.  Petitioner further argues that he tried to raise the issue earlier but his trial and appellate attorneys refused to do so.  Ground Two argues that there was a bad faith destruction of relevant evidence because the real Gmail user deleted the emails after finding out that law enforcement would read them, and law enforcement failed to collect the IP address to prove who really sent the emails, claiming they only made printed copies of the emails and not the page providing the sender's information.  Petitioner argues that he tried to raise this earlier but his trial attorneys refused to raise the issue.  Ground Three asserts that trial counsel and appellate counsel were ineffective because they refused to raise certain issues, or "check alibis, etc." Petitioner asserts that his attorneys effectively aided the government, and were in effect parties to a conspiracy to commit fraud upon the Court.  Petitioner asserts that he has vital evidence that was kept out of trial and withheld from the jury which was exculpatory.  Ground Four asserts a <u>Brady</u> violation, arguing that there must have been additional emails with attachments that were not turned.  Petitioner argues that there are at least 2 emails that were withheld by the government that would have shown that he was innocent and not the author of the other emails.

Attached to petitioner's habeas petition is petitioner's unsworn Affidavit (Doc. #1-1) stating his trial counsel were involved in covering up a conspiracy by law enforcement officers, and providing multiple examples of alleged ineffective assistance of counsel. Petitioner maintains that but for the fraud and the ineffective assistance of counsel, he could have proven his innocence.

**B. The Government's Motion to Compel**

The government seeks to compel former counsel to "disclose communications with Handlon and provide documents and affidavits regarding their previous representation of Handlon." (Doc. #15, p. 1.) Specifically, the government seeks "any records (including correspondence) relating to Handlon's claims", and affidavits from former counsel "discussing their communications, efforts, and strategies concerning the claims Handlon raises in his motion." (Id., p. 7.) The government argues that a meaningful response cannot be provided without former counsel's "input regarding their communications, efforts, and strategies". (Id., p. 4.) Former counsel have invoked the attorney-client privilege and oppose any such disclosure.

The attorney-client privilege is not "an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that

issue." Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967).[1] A party "waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." GAB Bus. Servs., Inc. v. Syndicate, 627, 809 F.2d 755, 762 (11th Cir. 1987). A party waives attorney client privilege "if he injects into the case an issue that in fairness requires an examination of otherwise protected communications." Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1419 (11th Cir.), opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994). "By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [Defendant] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices." Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001). Any required discovery from defense counsel must be tailored to the issues raised in the § 2255, which result in the waiver. United States v. Pinson, 584 F.3d 972, 978–79 (10th Cir. 2009); Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003).

---

1 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

If the § 2255 petition can be resolved without an evidentiary hearing, there would be no need to invade what would otherwise be privileged communications. The government has not yet taken a position on whether an evidentiary hearing on some, or all, of the issues raised in the §2255 motion is required, and "[a]n evidentiary hearing is not required whenever a petitioner asserts a claim of ineffective assistance under section 2255." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." United States v. Guerra, 588 F.2d 519, 521 (5th Cir. 1979). Even if petitioner has alleged sufficient facts, an affidavit from former counsel contesting the facts would not change the course of the proceedings: an evidentiary hearing would still be required.

The motion will be denied without prejudice. If after the government's response the Court determines that an evidentiary hearing is required, including testimony of former counsel

regarding specific communications, the government will have an opportunity to seek appropriate discovery if it wishes.

Accordingly, it is hereby

**ORDERED:**

1. Former appellate counsel's Motion to Adopt (Doc. #18) is **GRANTED** and counsel's opposition is duly noted.

2. The government's Motion Requesting an Order Requiring former Defense Counsel to Disclose Substance of Communication and to Provide Documents and Affidavits (Doc. #15) is **DENIED** without prejudice.

3. The government shall respond to petitioner's Motion (Doc. #1) within **THIRTY (30) DAYS** of this Order.

4. Petitioner's renewed request to be released from custody, contained in the Pro Se Amended Response to U.S. Attorney's Doc 11 Motion (Doc. #19), is **DENIED**.

5. The government's Second Motion for Extension of Time (Doc. #20) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of May, 2017.

```
                                    /s/ John E. Steele
                                    _____
                                    JOHN E. STEELE
                                    SENIOR UNITED STATES DISTRICT JUDGE
```

Copies:
Petitioner
Counsel
AUSA